Filed 11/22/24  P. v. Johnson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100625 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F00460) |
| v. | |
| COREY JOHNSON, | |
| Defendant and Appellant. | |

Defendant Corey Johnson appeals from his resentencing pursuant to Penal Code section 1172.75 (statutory section citations that follow are found in the Penal Code).  His appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening

1

brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Although this is not defendant's first appeal as of right, in the interest of judicial economy, we exercise our discretion to independently review the record. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 233, fn. 6 (*Delgadillo*).) Finding no arguable errors that would result in a disposition more favorable to defendant, we affirm the judgment.

FACTS AND HISTORY OF THE PROCEEDINGS

In 2012, defendant pleaded no contest to two counts of robbery (§ 211) and admitted that he personally used a firearm as to one of the robberies (§ 12022.53, subd. (b)). Defendant also admitted he had suffered a prior serious felony conviction, had a prior strike, and had served three prior prison terms (§ 667.5, subd. (b)). The trial court sentenced defendant to 10 years for one of the robberies (the upper term, doubled due to the prior strike), two years for the other robbery (one-third of the middle term, doubled), 10 years for the firearm enhancement, five years for the prior serious felony, and three years for the three prior prison terms.

In 2023, the Department of Corrections and Rehabilitation identified defendant as an individual eligible for resentencing under section 1172.75. The trial court recalled defendant's sentence, struck the prior prison term enhancements, and reimposed the remainder of defendant's original sentence.

Defendant timely appealed.

DISCUSSION

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo*, *supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is

compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid.*)

In *Delgadillo*, our Supreme Court held that *Wende* independent review is not required in an appeal from a postjudgment order denying a section 1172.6 petition for resentencing because the denial does not implicate a defendant's constitutional right to counsel in a first appeal as of right. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 222, 224-226.) The court further found that general due process principles regarding fundamental fairness did not compel a *Wende* independent review of the order. (*Id.* at pp. 229-232.) Nevertheless, in the interest of judicial economy, the court exercised its discretion to conduct its own independent review of the record given that the lower court's "suboptimal" notice did not inform defendant that his appeal might be dismissed as abandoned if he did not file a supplemental brief. (*Id.* at pp. 222, 233 & fn. 6.)

While *Delgadillo* addressed the application of *Wende*'s review procedures in the specific context of a postjudgment relief order under section 1172.6 (*Delgadillo*, *supra*, 14 Cal.5th at p. 231, fn. 5 ["[i]n this case, we are not deciding *Wende*'s application to other postconviction contexts, which may present different considerations"]), the same principles may nonetheless apply in the present matter given that this is not defendant's first appeal as of right. However, we need not decide whether *Delgadillo* in fact governs review of this resentencing because, like our Supreme Court, we exercise our discretion to conduct an independent review of the record. Having done so, we find no arguable errors that are favorable to defendant and thus affirm.

3

DISPOSITION

The judgment is affirmed.


                                                       _____
                                                       HULL, Acting P. J.


We concur:


_____
FEINBERG, J.


_____
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.